### BLISS v. LONG.

*Deceased witness—testifying to his former evidence—the rule.*

Where a witness is called to testify what a deceased person swore to on a former trial, he is inadmissible unless he can give the words of the former witness. That the witness called was a judge who tried the cause and noted down the evidence, using his own language to express the substance of the testimony, will not make it admissible.

ASSUMPSIT against a physician for not delivering the plaintiff's wife of a child, according to his retainer to attend and deliver. Plea non assumpsit.

On trial the plaintiff called *G. Tod*, late president judge of the Common Pleas, to testify what a witness, now dead, had testified to on a former trial in this case.

*Andrews* and *Hitchcock*, for the defendant, objected.

*Willey*, contra, thought as the present witness was the judge who tried the cause and took minutes, he should be admitted.

BY THE COURT. This Court decided several years ago in Portage county, and last year in this case, that to give evidence of what a deceased person testified on a former trial, the witness must give his words according to the rule in *Phil. Ev.* 199. Judge Tod says he took notes at the trial, and thinks he can give the *substance* of the testimony, though not the words—he used his own language in noting down his understanding of the evidence—he can give *some* of the words, but not *all*. This would be admitting the understand-

ing and deductions of the present witness, not the evidence of the former witness. It makes no difference in the rule that the present witness was the judge that tried the cause.

The evidence cannot be admitted.

The plaintiff having proved that Mrs. Bliss was pregnant, and the call of Dr. Long to attend her labors and delivery, went on to prove his attendance through a protracted labor, and the dissecting the child from the mother with a knife and hook made for the occasion, and that the wife was injured by the delivery and has since been diseased. He also proved that the defendant was a physician and surgeon, and one of skill and reputation.

*Andrews* and *Hitchcock,* for the defendant, moved for a non suit, because of a variance in the proof and the contract in the declaration. They cited 1 *Com. on Con.* 232; 1 *Saund. on Pl. and Ev.* 91; 8 *East. R.* 349; 3 *Bl. C.* 163; 3 *Ch. Pl.* 168; 1 *Stark. Ev.* 90; 4 *Bur. R.* 2061.

*G. Tod* and *Willey,* contra, contended there was no variance; the law implied a promise to deliver from the general retainer.

BY THE COURT. The declaration is upon a contract with the defendant to *deliver* safely the plaintiff's wife, who was pregnant, and alleges as a breach the not delivering, and injury through ignorance and want of skill. The proof establishes the pregnancy, and the general employment and attendance of the defendant. In this class of cases, where the act to be done is compounded of the skill of the agent and the operation of causes over which he has no control, the law does not raise from the fact of employment, an implied undertaking to cure, or to deliver, but only an undertaking to use ordinary skill as a physician and surgeon in the employment of means. This point has been expressly decided by this Court in the case of *Hardin* v. *Mathews,* in Geauga, several years since.

A non suit is ordered.

*Tod* and *Willey,* for the plaintiff, now moved to open up the non suit, and for leave to amend, because the declaration had been drawn according to the book of precedents, and the ground of the *non suit* had taken counsel by *surprise.* Statements were made of the precedents, the surprise, and the belief of a meritorious case.

*Andrews* and *Hitchcock,* contra.

BY THE COURT. The surprise upon the party seems made out, and the ground of the error is found in some books of precedents. There *is* no doubt counsel believe there is a meritorious case. In such a case, we are disposed to open up the non suit and give leave

to amend. A judgment will be entered, to be vacated if the costs are paid in sixty days—in which case the plaintiff has leave to amend, and the cause will go to the rules for issue.